Case 1:23-cv-00139-MJT    Document 3    Filed 04/06/23    Page 1 of 7 PageID #: 35

FILED: 3/8/2023 4:19 PM
Anne Reed, District Clerk
Orange County, Texas
Envelope No. 73478624
Reviewed By: Ramee Fowler

CAUSE NO. 230076-C

| | | |
|---|---|---|
| SANDRA MYERS | § | IN THE DISTRICT COURT OF |
| Plaintiff | § | |
| | § | |
| V. | § | ORANGE COUNTY, TEXAS |
| | § | |
| BIG LOTS STORES, LLC. | § | 128th |
| Defendant | § | _____ JUDICIAL DISTRICT |
| | § | |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **SANDRA MYERS**, (the "Plaintiff") complaining of and against Defendant, **BIG LOTS STORES, LLC.** ("Defendant" or "Big Lots") and files *Plaintiff's Original Petition*, and would respectfully show unto the Court the following:

### I. PARTIES, VENUE, & JURISDICTION

1. Plaintiff, Sandra Myers is an individual and a citizen of the State of Texas residing in Orange County, Texas.

2. Defendant, Big Lots Stores, LLC. is a foreign for-profit corporation with its principal place of business in Ohio. Big Lots, Inc. may be served with process by serving its registered agent Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company at 211 E. 7th Street, Suite 620, Austin, Texas 78701 via certified mail return receipt requested.

3. Venue is proper in Orange County, Texas pursuant to Section 15.001 *et. seq.* of the Texas Civil Practice & Remedies Code in that all or a substantial part of the events or omissions giving rise to the claim occurred in Orange County, Texas.

*Plaintiff's Original Petition*　　　　　　　　　　　　　　　　　　　　　　　Page **1** of **6**

DO NOT COPY OR ALTER - This document contains security features.

4. This Court has jurisdiction over this case in that the amount in controversy exceeds the minimum jurisdictional limits of this Court.

## II. FACTS

5. On or about April 8, 2022, Plaintiff was a customer at the Big Lots store located at store #1053 located at 2260 Macarthur Drive, Orange, Texas.

6. While entering the Big Lots store #1053 to shop, Plaintiff tripped over rolled up carpets outside the door of Big Lots' main entrance to the store. The unsafe position of the rolled up carpets, right in front of the main entrance to the door, caused Sandra Myers to fall to the ground on her knee. At the time of the injury, another customer walked up to Ms. Myers to assist her. Ms. Myers let this customer know that she could not get up. That customer then went inside to alert a Big Lots' employee. The customer alerted Ms. Myers that two employees saw the fall, but did nothing to aid Ms. Myers.

7. It took some time for a manager to come out. When the store manager eventually came out, Ms. Myers was still on the ground. At that time, no one had yet called an ambulance for her to give her aid. Rather, they started asking her questions and inquiring as to how she fell, instead of assisting her. Thereafter, Ms. Myers saw the store manager move the mat from its original location to another location, away from the main door.

8. As a result of the fall, Plaintiff sustained severe personal injuries, including a broken knee cap.

## III. CAUSES OF ACTION
## COUNT ONE: PREMISES LIABILITY

9. Plaintiff re-incorporates by reference the above paragraphs as if more fully stated herein.

**DO NOT COPY OR ALTER - This document contains security features.**

10. Plaintiff was a business invitee at the time of the incident in question because she was a customer of Big Lots with Big Lots' express or implied knowledge and consent to be present on the premises and for the parties' mutual benefit. Big Lots, as a business open to the public, owed Plaintiff a duty of ordinary care to maintain its premises in a reasonably safe manner and had a duty to warn Plaintiff of unsafe conditions on the premises.

11. The occurrence in question was proximately caused by the negligence of Big Lots. Big Lots #1053 was the property owner and/or a possessor of the premises in question and maintained control of the area wherein Plaintiff was injured. Big Lots breached its duty of care by using an unstable and unsafe entry way to the store and failing to correct the unsafe condition. Big Lots knew or should have known that the use of the possibility of the rug not being secured and would cause it to be unsafe and posed a fall risk for its customers.

12. As a result of Defendant's breach, Plaintiff suffered serious personal injuries.

## IV. CAUSES OF ACTION
## COUNT TWO NEGLIGENCE

13. Plaintiff re-incorporates by reference the above paragraphs as if more fully stated herein.

14. On the occasion in question, Big Lots owed a duty of ordinary care to its customers to keep its premises in a reasonably safe condition and warn of any unsafe conditions. Big Lots', by its acts and omission, was negligent and proximately caused the occurrence in question by:

(a)   Failing to provide a safe environment in its entrance area;

(b)   Using a non slip or heavy duty commercial mat that would prevent being a tripping hazard;

(c)   In failing to warn Plaintiff and other invitees of the presence of the dangerous conditions;

*Plaintiff's Original Petition*                                                                Page **3** of **6**

DO NOT COPY OR ALTER - This document contains security features.

    (d)    In creating, maintaining, and permitting unreasonably dangerous conditions to exist on the premises; and

    (e)    In failing to correct the dangerous conditions;

15. Big Lots knew or should have known that the aforementioned condition was dangerous and posed an unreasonable risk of injury to its customers.

16. Each of the foregoing acts and/or omissions, whether taken singularly or in any combination, was a proximate cause of the occurrence in question.

17. Big Lots, Inc. was grossly negligent. Big Lots was in a position to know the aforementioned dangers and risks, had actual, subjective awareness of the risks, yet proceeded with conscious indifference of the safety and welfare of the Plaintiff and the community at large.

18. Big Lots' gross negligence was a proximate cause of the injuries suffered by Plaintiff and the occurrence in question.

## V. DAMAGES

19. As a proximate cause of Big Lots' negligence and/or gross negligence, Plaintiff has suffered damages in the past and will, in all reasonable probability, suffer damages in the future. These damages are set forth below:

    (a)    past reasonable and necessary medical care expenses;

    (b)    future reasonable and necessary medical care expenses;

    (c)    past physical pain and suffering;

    (d)    future physical pain and suffering;

    (e)    past physical impairment;

    (f)    future physical impairment;

*Plaintiff's Original Petition*　　　　　　　　　　　　　　　　　　　　　　　　Page **4** of **6**

DO NOT COPY OR ALTER - This document contains security features.

(g) past physical disfigurement;

(h) future physical disfigurement; and

(i) exemplary damages

20. At this time Plaintiff believes her damages exceed $250,000 but are less than $1,000,000.00.

## VI. LEGAL INTEREST

21. Plaintiff further seeks recovery of prejudgment and post judgment interest on damages as allowed by statute and prays that upon entry of judgment that such prejudgment and post judgment interest be computed on all allowable damages.

## VII. PRAYER AND JURY DEMAND

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that upon hearing and trial of this matter, Plaintiff have and recover of and from the Defendant, for her damages as alleged in a sum in excess of the minimum jurisdictional requirements of this Court and in such amount as the evidence may show proper at the time of trial for general and special damages, together with costs and disbursements herein, pre-judgment interest and interest on said judgment from the date thereof until paid at the legal rate, and for such other and further relief, both general and special, at law or in equity, to which Plaintiff may be entitled to receive. Plaintiff respectfully requests a trial by jury, and hereby tenders the appropriate fee.

*Plaintiff's Original Petition*                                                                 Page **5** of **6**

DO NOT COPY OR ALTER - This document contains security features.

Respectfully submitted,
THE BRASHER LAW FIRM, PLLC

By: */s/ Nishi Kothari*
CLINT BRASHER
Texas Bar No. 24009915
clint@brasherattorney.com
JOE MUCKLEROY
Texas Bar No. 24065801
joe@brasherattorney.com
NISHI KOTHARI
Texas Bar No. 24087862
nishi@brasherattorney.com
Brooke Wilhelm
Texas Bar No. 24132378
brooke@brasherattorney.com
1122 Orleans
Beaumont, Texas 77701
(409) 832-3737 Telephone
(409) 832-3838 Fax
*Attorneys for Plaintiff*

*Plaintiff's Original Petition*       Page **6** of **6**

DO NOT COPY OR ALTER - This document contains security features.

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Cheyann Glenn on behalf of Nishi Kothari
Bar No. 24087862
cheyann@brasherattorney.com
Envelope ID: 73478624
Status as of 3/8/2023 4:36 PM CST

Associated Case Party: Sandra Myers

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Cheyann Glenn | | cheyann@brasherattorney.com | 3/8/2023 4:19:28 PM | SENT |
| Nishi Kothari | | nishi@brasherattorney.com | 3/8/2023 4:19:28 PM | SENT |
| Caryl McBroom | | caryl@brasherattorney.com | 3/8/2023 4:19:28 PM | SENT |



State of Texas
County of Orange
I, ANNE REED, Clerk of the District Court in and for Orange County, Texas, do hereby certify that the above and foregoing is a true and correct copy of the Original Hereof, as same as filed and appears of record in my office.
Witness my official seal and signature of office in Orange, Texas, this the 30th day of March 2023

ANNE REED
Clerk of District Court
of Orange County, Texas
by _____
JUSTIN RHODES

**DO NOT COPY OR ALTER - This document contains security features.**